No. 03-082

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 336

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ERNEST GEORGE GALLAGHER,

Defendant and Appellant.

APPEAL FROM:    The District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 2002-41,
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Chief Appellate Defender, Helena, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; John Paulson, Assistant
Attorney General, Helena, Montana

Robert J. Long, County Attorney; Mitchell A. Young, Deputy
County Attorney, Polson, Montana

Submitted on Briefs:  June 8, 2005

Decided:  December 22, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Appellant Ernest George Gallagher appeals from both the verdict and judgment entered by the Twentieth Judicial District Court, Lake County, finding him guilty of driving under the influence of alcohol and two counts of criminal endangerment, and sentencing him as a persistent felony offender.  We affirm.

¶2     We consider the following issues on appeal:

¶3     (1) In light of Defendant's failure to object at trial, should this Court undertake plain error review of the challenge to the District Court's failure to give a specific unanimity instruction?

¶4     (2) In failing to object to the general unanimity instruction or to offer a specific instruction, did Defendant's counsel render ineffective assistance of counsel?

¶5     (3) Did the District Court impose a sentence in violation of §§ 46-18-501 and 46-18-502, MCA, by sentencing the Defendant as a persistent felony offender without entering findings of fact?

BACKGROUND

¶6     At approximately 8:00 p.m. on the evening of March 17, 2002, while watching television in his home in Charlo, Montana, Richard Borden heard a loud crash.  Upon hearing the clatter, he sprang from his chair to see what was the matter.  He flew to the dining room, where, to his great surprise, had appeared a white flat-bed pickup truck.  The truck had plowed through the wall, broken a window, and upon Borden's discovery, was still spinning its wheels in the dining room.  Sparks and exhaust fumes from the vehicle triggered the

2

smoke alarms in Borden's house, and he acted quickly to turn off the electrical power to avoid further problems. Before Borden could get the pickup's license plate number, the driver was able to disentangle the truck and drive away. Nine downed fence posts and broken cement work completed the outdoor portion of the damages. Borden was not able to see the driver.

¶7 Moments after havoc left the Borden residence, it confronted Amber Doty on Charlo's First Avenue, where Doty was proceeding in her vehicle. The white truck drove through a parking lot and careened into Doty's lane, and fortunately, Doty was able to swerve off the road to avoid a collision. She ended up in a parking lot, while the erratic truck sailed past. The truck came within feet of hitting Doty's car, and according to Doty, Gallagher was the driver.

¶8 Finally, the white truck came to rest on the lawn of Joe Geldrich, a law enforcement officer with U.S. Fish & Wildlife. Geldrich first perceived the truck's headlights in his driveway. He went outside to investigate, and found Gallagher, obviously intoxicated, sitting in the front seat of the truck, with the engine running. Geldrich turned the engine off, took Gallagher inside his house, and called authorities. Arriving minutes later, authorities conducted a breathalyser test, which indicated Gallagher's blood alcohol level was .302, over three times the legal limit. Most fortunately, perhaps by the day's lucky charms, no one was physically injured in the episode.

¶9 On March 27, 2002, the State charged Gallagher with driving under the influence of drugs or alcohol (DUI) pursuant to § 61-8-401(1)(a), MCA, and two counts of criminal

3

endangerment pursuant to § 45-5-207(1), MCA, for the harrowing incidents involving Borden and Doty. Because Gallagher had been convicted of four previous DUIs, with the most recent conviction within the previous five years, the State gave notice that it would seek to have Gallagher sentenced under the persistent felony offender statute.

¶10 Gallagher's case went to trial in September of 2002. The District Court's instructions to the jury included a general unanimity instruction, but the court did not give separate specific unanimity instructions for the two criminal endangerment counts. Gallagher's counsel did not object to the proffered instructions, nor offer a specific unanimity instruction.

¶11 The jury returned guilty verdicts on the DUI charge and the two criminal endangerment charges on September 10, 2002, and the court sentenced Gallagher pursuant to the persistent felony offender statute on October 30, 2002. Instead of receiving a maximum of thirteen months in prison with five years suspended under the DUI statutes, Gallagher received a total of forty years in prison with twenty years suspended.

¶12 Gallagher filed a notice of appeal on December 16, 2002. Thereafter, his counsel moved to withdraw and filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, perceiving the appeal to be frivolous. On October 21, 2003, this Court dismissed Gallagher's appeal pursuant to the motion. However, upon consideration of Gallagher's petition for writ of habeas corpus, we concluded his appeal should proceed, and reinstated it on June 8, 2004.

STANDARD OF REVIEW

4

¶13  We generally review jury instructions in criminal cases to determine whether the instruction fully and fairly instructed the jury. *State v. Maloney*, 2003 MT 288, ¶ 14, 318 Mont. 66, ¶ 14, 78 P.3d 1214, ¶ 14. However, where as here, jury instructions are not objected to at trial, we must first decide whether exercising plain error review is appropriate. *State v. Gray*, 2004 MT 347, ¶ 13, 324 Mont. 334, ¶ 13, 102 P.3d 1255, ¶ 13.

¶14  This Court "may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made . . . ." *State v. Finley* (1996), 276 Mont. 126, 137, 915 P.2d 208, 215, *overruled on other grounds by State v. Gallagher*, 2001 MT 39, 304 Mont. 215, 19 P.3d 817. Such review, while exercised sparingly and on a case-by-case basis, is rooted in this Court's inherent power under Montana's Constitution. *State v. Daniels*, 2003 MT 247, ¶ 20, 317 Mont. 331, ¶ 20, 77 P.3d 224, ¶ 20; *Finley*, 276 Mont. at 135-38, 915 P.2d at 214-15. As stated in *Finley*, we will exercise plain error review where failing to review the claimed error may (1) result in a manifest miscarriage of justice, (2) leave unsettled questions of fundamental fairness, or (3) compromise the integrity of the judicial process. *Finley,* 276 Mont. at 137, 915 P.2d at 215.

¶15  A claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Turner*, 2000 MT 270, ¶ 47, 302 Mont. 69, ¶ 47, 12 P.3d 934, ¶ 47. Therefore, we review such claims *de novo*. *Turner*, ¶ 47.

¶16  Finally, we review criminal sentences to determine whether the sentence is legal and within the parameters of the relevant statute. *State v. Montoya*, 1999 MT 180, ¶ 15, 295

5

Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15. However here, as in *Montoya*, Appellant challenges not the sentence per se, but the District Court's designation of him as a persistent felony offender under the applicable statutory scheme. *See Montoya*, ¶ 16. The District Court's designation of Appellant is a question of statutory interpretation. As such, our review is *de novo*, the question being whether the District Court's designation was correct. *Montoya*, ¶ 16.

DISCUSSION

**¶17** ***In light of the Defendant's failure to object at trial, should this Court undertake plain error review of the challenge to the District Court's failure to give a specific unanimity instruction?***

**¶18** The first question is whether an exercise of plain error review is appropriate under the circumstances. At trial, the District Court gave a general unanimity instruction and told jurors that Appellant was charged with two counts of criminal endangerment. It provided the jury with a verdict form which simply asked the jury to find Gallagher guilty or not guilty of Count II, criminal endangerment, and Count III, criminal endangerment. The court did not specifically instruct the jury as to unanimity regarding the specific facts relating to each count of criminal endangerment. Gallagher charges that he was entitled to that instruction to protect his constitutional trial rights and asks that we exercise plain error review in light of his counsel's failure to object at trial or offer a specific unanimity instruction.

**¶19** Previously, we have twice declined to exercise plain error review of a district court's failure to give a specific unanimity instruction where the defendant did not object or request such an instruction at trial. *See Gray*, ¶ 22; *State v. Harris*, 1999 MT 115, ¶ 12, 294 Mont. 397, ¶ 12, 983 P.2d 881, ¶ 12. In *Harris*, the appellant argued that because each of the

6

charges against him involved lengthy time periods, the jury needed to be specifically instructed that they must unanimously agree to the facts constituting the offense for each charge. *Harris*, ¶ 10. In *Gray*, the appellant argued, similar to the argument here, that the general unanimity instruction was insufficient where there were multiple potential victims to a single charge of assault. *Gray*, ¶¶ 16-17. In each instance, however, we determined that the cases did not warrant plain error review. *Harris,* ¶ 12; *Gray*, ¶ 22.

¶20   Although a specific unanimity instruction may well have been appropriate in this case, we cannot conclude from the circumstances that the omission compels the exercise of plain error review. Based on the evidence and testimony presented at trial, the only two potential victims of criminal endangerment were Richard Borden and Amber Doty. Gallagher endangered Borden when he crashed into Borden's dining room, and he endangered Doty when he forced her to swerve off the road to avoid a collision. Although Joe Geldrich also testified, he was not presented by anyone as a crime victim. The jury was aware that Borden and Doty were the subjects of the two criminal endangerment counts, and heard detailed argument from both the defense and the prosecution linking specific facts to each count. The jury was also aware from the proceedings that Count II, criminal endangerment, charged Gallagher with driving into the dining room of Richard Borden, while Count III, criminal endangerment, charged Gallagher with driving Amber Doty off the road. The evidence and witness testimony clearly placed Gallagher at the scene of both crimes.

¶21   After a review of the record, we believe that no genuine possibility of juror confusion about the charges existed. Therefore, we conclude that our failure to exercise plain error

review in this instance will neither result in a fundamental miscarriage of justice nor compromise the integrity of the judicial process, and therefore, we decline to exercise plain error review of the merits of Appellant's claim.

¶22 ***In failing to object to the general unanimity instruction or to offer a specific instruction, did Defendant's counsel render ineffective assistance of counsel?***

¶23 Both the Sixth Amendment of the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee a criminal defendant the right to effective assistance of counsel. *See State v. Jefferson*, 2003 MT 90, ¶ 43, 315 Mont. 146, ¶ 43, 69 P.3d 641, ¶ 43. The defendant who pursues a claim for ineffective assistance of counsel bears the burden of proving that: (1) his counsel's representation was deficient and below an objective standard of reasonableness, and (2) his counsel's failure was prejudicial. *Strickland v. Washington* (1984), 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674, 693-94; *see also Jefferson*, ¶ 43. A claim for ineffective assistance of counsel is properly raised on direct appeal if based on facts in the appellate record. *State v. Fields*, 2002 MT 84, ¶ 31, 309 Mont. 300, ¶ 31, 46 P.3d 612, ¶ 31. Gallagher's claim centers on his counsel's failure to request a specific unanimity instruction before juror deliberations. The record in this regard is sufficient to undertake review of the issue.

¶24 Appellant argues that counsel's failure to request a specific unanimity instruction under the circumstances constitutes deficient performance as a matter of law. In support, he posits that there could be no tactical or discretionary basis for failing to object to jury instructions which do not require the jury to unanimously agree on the same course of

8

conduct. Citing *State v. Rose*, 1998 MT 342, ¶ 20, 292 Mont. 350, ¶ 20, 972 P.2d 321, ¶ 20, he asks that his conviction be reversed.

¶25 In order to succeed on his claim of ineffective assistance of counsel, Appellant must show that he was prejudiced. Specifically, Appellant must show that there is a reasonable probability that but for his counsel's unprofessional conduct, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *see also Jefferson*, ¶ 53. Further, we have previously held that:

> [T]he two prongs of the *Strickland* test need not be addressed "in the same order . . . if the defendant makes an insufficient showing on one . . . ." *Dawson v. State*, 2000 MT 219, ¶ 21, 301 Mont. 135, ¶ 21, 10 P.3d 49, ¶ 21 (citing *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699). Additionally, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Dawson*, ¶ 21 (citing *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699).

*State v. Kearney*, 2005 MT 171, ¶ 20, 327 Mont. 485, ¶ 20, 115 P.3d 214, ¶ 20. We follow this course herein.

¶26 The information charged Gallagher with two counts of criminal endangerment, Count II alleging Gallagher drove into Richard Borden's house, and Count III alleging Gallagher drove Amber Doty off the road with his reckless driving. Both defense counsel and the prosecuting attorney argued each count to the jury in closing arguments, and by their arguments linked appropriate facts and specific victims to each count. As such, juror confusion was extremely unlikely.

¶27    The jury heard overwhelming evidence of Gallagher's guilt. Gallagher owned a white flat-bed pickup. A white flat-bed pick-up plowed into Richard Borden's home around 8:00 p.m. on March 17, 2002, and knocked down nine fence posts and cement work in Borden's yard. Minutes later, a white flat-bed pickup forced Amber Doty off the road, and she identified Gallagher as the driver. Minutes later, Joe Geldrich found a white flat-bed pickup stuck on a juniper tree in front of his home. The driver, clearly intoxicated, was Gallagher. A breathalyser test revealed Gallagher's blood alcohol level at .302, more than three times the legal limit. Glass then found in the back of the flat-bed pickup was consistent with a shattered glass window in Richard Borden's home.

¶28    Based on the record, we cannot conclude that the outcome of the trial was prejudiced due to the lack of a specific unanimity instruction on the two endangerment charges, such that Gallagher was denied a fair trial. Consequently, Gallagher's claim of ineffective assistance of counsel cannot prevail.

¶29    ***Did the District Court impose a sentence in violation of §§ 46-18-501 and 46-18-502, MCA, by sentencing the Defendant as a persistent felony offender without entering findings of fact?***

¶30    Pursuant to § 46-13-108, MCA, the county attorney gave notice of his intention to seek to have Gallagher sentenced as a persistent felony offender. The notice was filed on June 6, 2002, and no objection thereto was raised by the defense. Thereafter, the court sentenced Gallagher pursuant to the persistent felony offender statute. Gallagher now challenges his sentence on appeal, and, consistent with our rule in *State v. Lenihan* (1979), 184 Mont. 338, 602 P.2d 997, we will review his challenge to the illegality of the sentence,

10

despite no objection in the trial court. *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000; *see also State v. Brister*, 2002 MT 13, ¶ 16, 308 Mont. 154, ¶ 16, 41 P.3d 314, ¶ 16.

¶31 We have recently clarified that a DUI conviction is and remains a felony which is subject to the persistent felony offender statutes. *State v. Damon*, 2005 MT 218, ¶ 40, 328 Mont. 276, ¶ 40, 119 P.3d 1194, ¶ 40. Here, the prosecution's effort to treat Gallagher as a persistent felony offender is not at issue. Instead, Gallagher's claim is a procedural one; he asserts that the District Court's failure to make findings regarding Gallagher's status as a persistent felony offender violates his right to due process, notwithstanding his failure to object to the prosecutor's notice to seek a sentence under the statute.

¶32 However, this Court addressed this issue in *State v. Minez*, 2003 MT 344, ¶ 39, 318 Mont. 478, ¶ 39, 82 P.3d 1, ¶ 39. In *Minez*, we held that where a defendant fails to object to a prosecutor's notice to seek treatment under the persistent felony offender statute, the district court is not required to either hold hearings or make findings under § 46-13-108(3), MCA. *Minez*, ¶ 39. Furthermore, we noted that the purpose of the notice requirement is to "give the defendant an opportunity to file an objection to the criminal record relied upon in the notice and to hold a hearing should there be any such objections." *Minez*, ¶ 39 (citing *State v. Niederklopher*, 2000 MT 187, ¶ 10, 300 Mont. 397, ¶ 10, 6 P.3d 448, ¶ 10).

¶33 Gallagher failed to object to the prosecutor's notice seeking sentencing of Gallagher as a persistent felony offender. As such, the District Court did not, nor was it required to, conduct a hearing or make findings regarding Gallagher's status. Therefore, we conclude that the District Court's imposition of sentence under these circumstances was correct.

11

¶34     Affirmed.


                                        /S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER

Justice James C. Nelson concurs.

¶35 Consistent with my positions in *State v. Weaver*, 1998 MT 167, ¶¶ 22-40, 290 Mont. 58, ¶¶ 22-40, 964 P.2d 713, ¶¶ 22-40; *State v. Harris,* 1999 MT 115, ¶¶ 35-36, 294 Mont. 397, ¶¶ 35-36, 983 P.2d 881, ¶¶ 35-36 (Nelson, J., concurring); and *State v. Allum*, 2005 MT 150, ¶¶ 59-64, 327 Mont. 363, ¶¶ 59-64, 114 P.3d 233, ¶¶ 59-64 (Nelson, J., dissenting), I would reach the specific unanimity instruction issue via plain error review.[1] Accordingly, to that extent, I do not agree with ¶¶ 18 and 19, of our Opinion.

¶36 That said, I do agree with our analysis of the merits of Gallagher's arguments in ¶¶ 20 and 21, and the result reached on the record here. A specific unanimity instruction was not needed, therefore, defense counsel could not be ineffective for not requesting such an instruction.

¶37 I concur.

/S/ JAMES C. NELSON

---

[1] I did not sit on *State v. Gray,* 2004 MT 347, 324 Mont. 334, 102 P.3d 1255, which is also cited in our Opinion here.