JUSTICE NELSON
dissents and concurs.
¶27 I dissent from the Court’s Opinion as to issues one and three and I concur with the Court’s decision as to issue two.
¶28 Consistent with my positions in State v. Weaver, 1998 MT 167, ¶¶ 22-40, 290 Mont. 58, ¶¶ 22-40, 964 P.2d 713, ¶¶ 22-40; State v. Harris, 1999 MT 115, ¶¶ 35-36, 294 Mont. 397, ¶¶ 35-36, 983 P.2d 881, ¶¶ 35-36 (Nelson, J., concurring); State v. Allum, 2005 MT 150, ¶¶ 59-64, 327 Mont. 363, ¶¶ 59-64, 114 P.3d 233, ¶¶ 59-64 (Nelson, J., dissenting); and State v. Gallagher, 2005 MT 336, ¶ 35, 330 Mont. 65, ¶ 35, 125 P.3d 1141, ¶ 35 (Nelson, J., concurring), I would reach the specific unanimity instruction issue via plain error review. Accordingly, to that extent, I do not agree with the Court’s resolution of issue one.
¶29 As to issue three, I also disagree with the Court’s analysis. It is perfectly clear that under § 46-18-401(1)(a) and (b), MCA, the only commitments and offenses which are encompassed within the statute are, respectively, those imposed by a court in this State and those committed in this State. If the Legislature had envisioned that out-of-state offenses would be included in the requirements of the statute, it would have said so. The Court reads § 46-18-401(4), MCA, in isolation from subsection (1). In so doing, the Court ignores the admonition of § 1-2-101, MCA, that requires that “[w]here there are several provisions or particulars [of a statute], such a construction is, if possible, to be adopted as will give effect to all.”
¶30 For these reasons I dissent as to issues one and three. As noted, I concur as to issue two.