No. 05-376

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 226N

STATE OF MONTANA,

   Plaintiff and Respondent,

 v.

JOEL BRYANT RUFF,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Ninth Judicial District,
        In and For the County of Toole, Cause No. DC 04-021
        Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Meghan Lulf Sutton, Attorney at Law, Great Falls, Montana

   For Respondent:

     Hon. Mike McGrath, Attorney General; John Paulson,
     Assistant Attorney General, Helena, Montana

     Merle Raph, Toole County Attorney, Shelby,  Montana

       Submitted on Briefs:  September 7, 2006

          Decided:  September 12, 2006

Filed:

           Clerk

Chief Justice Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joel Bryant Ruff appeals from the order entered by the Ninth Judicial District Court, Toole County, denying his motion to withdraw his guilty plea. We affirm.

¶3 In April of 2004, the State of Montana charged Ruff by information with the felony offenses of operation of an unlawful clandestine laboratory and criminal possession of dangerous drugs. The State charged Matthew James Brix with related offenses on the same day. According to the State's affidavit in support of its motion for leave to file an information against Ruff, law enforcement officers discovered items and materials consistent with the production of methamphetamine in a trailer which they searched pursuant to a warrant. An officer subsequently testified that at the time of the search, he did not know who resided at the trailer, but the State's affidavit states certain items were found in Ruff's bedroom. At the time the charges against Ruff and Brix were filed, a case captioned *State v. Anyan*, our cause number 02-639, involving the "knock and announce" rule in the execution of search warrants, was pending in this Court after submission in September of 2003.

¶4 Brix moved to suppress the evidence in his case, arguing officers had violated his

2

privacy rights by executing the warrant on the trailer without knocking first. Ruff's counsel indicated in an omnibus form that he would file a suppression motion by a date certain; however, he later requested and obtained a continuance of the due date for the motion, advising the District Court that he might not file a suppression motion depending on the outcome of Brix's motion. The District Court held a hearing on Brix's motion in July of 2004. A Toole County deputy sheriff testified that officers executed the search warrant for the trailer by announcing their presence and identity as they entered. He also provided the reasons they decided to execute the warrant without knocking first. The District Court denied Brix's motion, and Ruff's counsel later indicated he would not file a suppression motion.

¶5    Ruff and the State ultimately executed a plea agreement. Ruff agreed to plead guilty to the felony offense of operation of an unlawful clandestine laboratory and, in exchange, the State agreed to recommend that Ruff be committed to the Department of Corrections for five years, with three years suspended, and to move for dismissal of the felony charge of criminal possession of dangerous drugs. The District Court accepted Ruff's guilty plea at a change of plea hearing on December 9, and scheduled sentencing for January 13, 2005. After Ruff's change of plea hearing and before his scheduled sentencing hearing, we decided *State v. Anyan*, 2004 MT 395, 325 Mont. 245, 104 P.3d 511.

¶6    In the meantime, Brix and the State also entered into a plea agreement, Brix changed his plea and the District Court accepted it. The court scheduled Brix's sentencing hearing for January 13, 2005, the same date as Ruff's. At the time set for Brix's sentencing hearing, the

3

State advised the District Court that Brix had moved to withdraw his guilty plea, and requested time to respond. The District Court set a briefing schedule and advised Ruff's counsel—who was present—that, if Ruff wished to make a similar motion, the same briefing schedule would apply.

¶7     Ruff moved to withdraw his guilty plea on January 21, 2005, stating "[t]his Motion adopts and joins in the arguments set forth in the companion case now pending before this Court, *State v. Brix*, DC 04-21." The motion also states

> [w]hile Ruff did not file a motion to suppress alongside Brix or join in his motion, the interests of justice would be served by allowing him to withdraw his plea of guilty and file a motion to suppress. Defense counsel believed prior to *Anyan* that the law would have found exigent circumstances that did not require a knock and announce. Furthermore, defense counsel intentionally waited until this Court decided the Brix motion to suppress to negotiate a plea agreement and change the plea[.]

The State filed a brief in opposition to Ruff's motion, stating that "[d]uring negotiations, the Defendant had knowledge of the pending Anyan decision and he entered into a plea agreement with that knowledge." The State also argued that the District Court's reasoning in denying Brix's motion was consistent with *Anyan*.

¶8     The District Court denied Ruff's motion to withdraw his guilty plea. It reasoned that a plea agreement is a contract subject to contract law standards and Ruff's allegedly "mistaken" prediction of a future legal decision was not a basis for withdrawing his plea. The court stated that "[d]efendant was aware of the pending *Anyan* case and the issues involved when he made the strategic decisions not to file a motion to suppress and to enter into a plea agreement with the State." Later, after a sentencing hearing, the District Court

4

sentenced Ruff in accordance with the plea agreement and entered judgment.

¶9 On appeal, Ruff first asserts his guilty plea was involuntary. While Ruff concedes defense counsel knew of *Anyan*, he contends the record does not indicate whether Ruff knew of *Anyan* at the time he pled guilty. Ruff notes the District Court did not tell him about *Anyan* at the change of plea hearing and observes that, at sentencing, he stated he was "not aware of the technicalities of the case." On these grounds, he argues the District Court abused its discretion in denying his motion to withdraw his guilty plea.

¶10 Ruff cites to no authority in support of his argument that a guilty plea is involuntary or otherwise invalid if either defense counsel or the trial court fails to advise the defendant of the potential legal ramifications of a separate case pending in an appellate court. Nor does he advance authority challenging the "contract law" basis of the District Court's denial of his motion to withdraw his guilty plea. Rule 23(a)(4), M.R.App.P., requires an appellant to advance authorities in support of positions taken. Absent such authority, an appellant cannot carry the burden of establishing error. *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26 (citation omitted). Therefore, Ruff has not established error in the court's denial of his motion to withdraw his guilty plea.

¶11 Ruff also asserts his counsel was ineffective. In reviewing ineffective assistance of counsel claims, we apply the *Strickland* test, which requires the defendant to establish that (1) counsel's performance was deficient or fell below an objective level of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in that, but for counsel's errors, a reasonable probability exists that the result of the proceeding would have been

different.  *State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, ¶ 11, 97 P.3d 1095, ¶ 11 (citations omitted).  Regarding the "deficient performance" prong, the defendant bears the burden to show that counsel's performance fell below an objective standard of reasonableness.  Generally, counsel's trial tactics and strategic decisions cannot be the basis for a determination of ineffective assistance of counsel.  Moreover, in light of the "strong presumption" that counsel acted within the wide range of reasonable professional assistance, this Court avoids the distorting effects of hindsight by focusing on counsel's perspective at the time of the alleged action or omission.  *See State v. Grixti*, 2005 MT 296, ¶ 25, 329 Mont. 330, ¶ 25, 124 P.3d 177, ¶ 25 (citations omitted).

¶12     Ordinarily, this Court analyzes whether an ineffective assistance of counsel claim is properly before us on direct appeal, or more appropriately raised in postconviction proceedings, by determining whether the claim is based on the record.  *See State v. Gallagher*, 2005 MT 336, ¶ 23, 330 Mont. 65, ¶ 23, 125 P.3d 1141, ¶ 23 (citation omitted). At times, however, we deem it unnecessary to conduct further inquiry regarding nonrecord-based claims in postconviction proceedings in order to determine whether the appellant has established that counsel's actions fell below an objectively reasonable standard.  *See, e.g., Grixti*, ¶ 28.  Here, we determine such further inquiry is unnecessary and address Ruff's arguments in turn.

¶13     Ruff's main assertion is that defense counsel performed deficiently in failing to preserve the "knock and announce" issue for appeal in two ways.  First, he contends counsel failed to file or join in a suppression motion in District Court.  He also argues counsel failed

6

to reserve the right to appeal regarding the "knock and announce" issue in his plea agreement. He asserts counsel's allegedly deficient performance prejudiced him because he is now precluded from raising the "knock and announce" issue on appeal. In relation to this assertion regarding the "prejudice" prong of *Strickland*, he argues extensively about alleged factual similarities between his case and *Anyan* in an apparent attempt to demonstrate a reasonable probability that he would prevail on appeal if he could raise the "knock and announce" issue.

¶14    With respect to the "deficient performance" prong of *Strickland*, however, Ruff's argument is sparse. He asserts only that defense counsel "should have been aware that omission [to join in Brix's motion, to negotiate a reservation of rights in his plea agreement, and the like] would result in Ruff being extremely prejudiced should <u>Anyan</u> go Ruff's way." He also cites to *State v. Kennedy*, 2004 MT 53, ¶ 28, 320 Mont. 161, ¶ 28, 85 P.3d 1279, ¶ 28 (citation omitted), for the well-settled principle that, if an objection concerning a constitutional matter is not made in the trial court, it generally will not be heard on appeal. In his conclusion, he states counsel was ineffective in failing to preserve the "knock and announce" issue, and counsel's alleged inaction fell below reasonable standards of the legal profession and prejudiced him.

¶15    Ruff advances no authority for the proposition that defense counsel performs deficiently by failing to file a suppression motion after the trial court has denied a similar motion in a companion case while yet another case involving the issue remains pending on appeal. Nor has he provided authority to support his assertion that, under such

7

circumstances, counsel performs deficiently by failing to reserve the right to appeal a particular issue in a plea agreement—assuming the prosecutor and the District Court would have consented to such a reservation. Ruff's citation to *Kennedy* for the rule regarding issues raised for the first time on appeal simply does not speak to the question of whether counsel's alleged omissions fell below an objective standard of reasonableness. As stated above, an appellant cannot meet his burden of establishing error if he does not advance relevant authority, as required by Rule 23(a)(4), M.R.App.P. *See Bailey*, ¶ 26. Ruff has not established that counsel's decision not to file a suppression motion or alleged failure to reserve the right to appeal in the plea agreement, viewed without the distorting effects of hindsight, fell below an objective standard of reasonableness or constituted deficient performance.

¶16 Ruff also asserts—in an argument heading only—that counsel performed deficiently by failing to inform him of *Anyan*. In addition, Ruff contends that, before advising him with respect to pleading guilty, defense counsel should have ascertained the outcome of *Anyan*, either by waiting until it was decided or by moving for a continuance. He has provided no authority to support his assertions that such alleged omissions constitute deficient performance. Thus, he has not met his burden under *Strickland*.

¶17 We hold the District Court did not abuse its discretion in denying Ruff's motion to withdraw his guilty plea and Ruff has not established his ineffective assistance of counsel claims.

¶18   Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE