FILED

October 26 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0067

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2010 MT 226

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DANIEL FITZGERALD BROOKS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 07-377
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Hillary Prugh Carls, Angel, Coil, & Bartlett, Bozeman, Montana

            Christopher J. Daly, Office of the Public Defender, Missoula, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Tammy K Plubell, Assistant Attorney General, Helena, Montana

            Fred Van Valkenburg, Missoula County Attorney; Shawn Patrick Thomas, Betty Wing, Deputy County Attorneys, Missoula, Montana

Submitted on Briefs:  July 28, 2010

Decided:  October 26, 2010

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Daniel Brooks appeals the judgment of the Fourth Judicial District Court, Missoula County, sentencing him to ten years in prison with five years suspended under the State's persistent felony offender (PFO) sentencing statute, § 46-18-502, MCA.  We affirm.

¶2     We address the following issues on appeal:

¶3     *I. Whether Brooks's sentence violates the prohibition on double jeopardy under the Montana Constitution (Article II, section 25); and*

¶4     *II. Whether the District Court erred by not holding a hearing (pursuant to § 46-13-108(3), MCA) to determine the truth of allegations on which Brooks's PFO status was predicated.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     The issues on appeal center on sentencing, but some additional background is necessary.  In September 2007 Brooks was pulled over and arrested for driving under the influence of alcohol (DUI).  The State charged Brooks, *inter alia*, for DUI.[1]  This was a felony charge because Brooks had more than three prior DUI convictions.  Before trial the State filed notice of its intent to seek enhanced punishment against Brooks as a PFO on account of a 2004 conviction for assault with a weapon (a felony).  The case went to trial, and Brooks was convicted.

---

[1] The State also charged Brooks for two misdemeanors, operating a motor vehicle the wrong way on a one-way street and failure to carry proof of liability insurance.  These charges are irrelevant to the present appeal and will not be addressed further.

2

¶6 For the felony DUI conviction, the District Court sentenced Brooks to five years of incarceration (all suspended) and a thirteen-month commitment to the Department of Corrections (DOC) for placement in a specific alcohol-treatment program, WATCh (Warm Springs Addictions Treatment and Change). Under the PFO statute, the court sentenced Brooks to ten additional years of incarceration, with five suspended.

¶7 Brooks appealed his conviction. This Court dismissed the appeal as wholly frivolous. Brooks subsequently moved the District Court to clarify his sentence because he believed that the personnel at the Montana State Prison and DOC were attempting to illegally extend his sentence. Over opposition from the State, the District Court amended the sentence, replacing the specific reference to WATCh with a general thirteen-month commitment to DOC. Also, tracking the language of § 61-8-731(1)(a), MCA, the court added that upon completion of an approved treatment program, Brooks would serve the remainder of the commitment on probation.

¶8 Brooks then filed a petition for a writ of habeas corpus (or in the alternative, mandamus) with this Court to challenge the amended sentence. In an order, we concluded that the sentence, as amended, was ambiguous and remanded the case to the District Court to clarify the sentence to comply with the law. On remand the State argued that the District Court should sentence Brooks under the PFO statute only. Brooks, representing himself, countered that the District Court should dismiss the PFO sentence, modify his sentence for felony DUI to a thirteen-month commitment to DOC with two years suspended, and credit him with time served. Brooks advanced that a PFO sentence would violate the constitutional bar on double jeopardy. He also challenged the

3

constitutionality of the prior assault conviction that served as the predicate for the PFO designation.

¶9 Adopting the State's position, the District Court sentenced Brooks exclusively under the PFO statute to ten years at MSP with five suspended and recommended that the DOC place Brooks in an alcohol treatment program prior to releasing him on parole.

¶10 On appeal, Brooks once more challenges his sentence.

## STANDARD OF REVIEW

¶11 A double jeopardy claim presents a question of constitutional law over which we exercise plenary review. *State v. Dodson*, 2009 MT 419, ¶ 31, 354 Mont. 28, 221 P.3d 687. The question of whether a district court followed the proper procedure in designating a criminal defendant as a PFO is a question of statutory interpretation, which we review de novo. *State v. Gallagher*, 2005 MT 336, ¶ 16, 330 Mont. 65, 125 P.3d 1141.

## DISCUSSION

¶12 *I. Whether Brooks's sentence violates the prohibition on double jeopardy under the Montana Constitution.*

¶13 Brooks contends that his sentence violates the Montana Constitution's bar against double jeopardy. Relying on *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312, Brooks advances that the District Court unconstitutionally enhanced his sentence twice on account of prior convictions. This argument does not withstand analysis.

¶14 The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution reads: "[N]or shall any person be subject for the same offence to be twice

4

put in jeopardy of life or limb." This bar against double jeopardy "was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187, 78 S. Ct. 221, 223 (1957). Among other things, this bar protects against multiple criminal punishments for the same offense. *United States v. DiFrancesco*, 449 U.S. 117, 129, 101 S. Ct. 426, 433 (1980). Nevertheless, the U.S. Supreme Court has rejected double jeopardy challenges to recidivism statutes and recognized recidivism as a generally legitimate basis for enhanced punishment—"a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Witte v. United States*, 515 U.S. 389, 400, 115 S. Ct. 2199, 2206 (1995) (quoting *Gryger* v. *Burke,* 334 U.S. 728, 732, 68 S. Ct. 1256, 1258 (1948)).

¶15    Article II, section 25 of the Montana Constitution (on which Brooks's challenge rests) reads: "No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction." We have construed this provision to provide greater protection to criminal defendants than does the analogous clause in the federal constitution. *State v. Guillaume*, 1999 MT 29, ¶ 13, 293 Mont. 224, 975 P.2d 312. Specifically, we have interpreted this provision to exemplify "the legal and moral concept that no person should suffer twice for a single act." *Id*. at ¶ 17. Nevertheless, like our federal counterpart, we recognize the general legitimacy of enhanced punishment for recidivism. *State v. Shults*, 2006 MT 100, 332 Mont. 130, 136 P.3d 507. The resolution of the present case lies in its crucial dissimilarity with *Guillaume*.

5

¶16    In *Guillaume* the defendant (Guillaume) threatened the victim with a raised hammer. *Guillaume*, ¶3. The State charged Guillaume with felony assault (§ 45-5-202(b), MCA, (1995)) because he used a weapon (the hammer). *Id.* at ¶4. The jury convicted Guillaume. *Id.* The district court then sentenced him to ten years in prison for the felony assault. *Id.* It then sentenced him to an additional five years under the weapon enhancement statute (§ 46-18-221(1), MCA (1995)) because Guillaume used a dangerous weapon (the hammer). *Id.* The issue on appeal was whether this violated double jeopardy. *Id.* at ¶2. We held that it did: "[A]pplication of the weapon enhancement statute to felony convictions where the underlying offense requires proof of the use of a weapon violates the double jeopardy provision . . . ." *Id.* at ¶16. Applying the general principle that "no person should suffer twice for a single act," the Court explained that Guillaume's use of the hammer was the predicate for both the enhancement of his charge from misdemeanor to felony assault and the additional sentence under the weapon enhancement statute. *Id.* at ¶18. This was an impermissible double punishment. *Id.*

¶17    Unlike *Guillaume*, the two sentence "enhancements" of which Brooks complains (felony DUI, and PFO) were not predicated on the same act. The State charged Brooks with felony DUI because Brooks had more than three prior DUI convictions. The State then sought an enhanced sentence for Brooks as a PFO on account of his prior felony conviction for assault with a weapon. While the enhanced charge of felony DUI and the enhanced PFO sentence were both based on Brooks's recidivism, they were not based on the same prior conviction. Therefore the double jeopardy rule from *Guillaume* does not apply.

6

¶18 Brooks's sentence does not violate the Montana Constitution's bar on double jeopardy. An enhanced sentence under § 46-18-502, MCA, does not supplement, but supplants the sentence for the underlying felony. *State v. Gunderson*, 2010 MT 166, ¶ 54, 357 Mont. 142, ___ P.3d ___ (Aug. 16, 2010). As such, it does not constitute a double punishment subject to the double jeopardy bar. *See Shults*, ¶ 26 (explaining that "PFO statutes . . . do not constitute double jeopardy because '[a] sentence as an habitual offender criminal is not to be viewed as a new jeopardy.'" (quoting *State v. Wardell*, 2005 MT 252, ¶ 19, 329 Mont. 9, 122 P.3d 443)). This Court has also held that a felony DUI conviction under § 61-8-731, MCA, is a legitimate trigger for a PFO designation. *State v. Damon*, 2005 MT 218, ¶ 40, 328 Mont. 276, 119 P.3d 1194. Here, however, the District Court only sentenced Brooks as a PFO pursuant § 46-18-502, MCA. This enhanced sentence was predicated on Brooks's conviction for felony DUI and his prior felony conviction for assault with a weapon. While the sentence was certainly harsher than it would have been if Brooks had had no prior felony conviction, the legislature at present has determined that such punishment is the proper means of dealing with repeat offenders. Brooks's sentence as a PFO here does not violate the double jeopardy bar of the Montana Constitution.

¶19 *II. Whether the District Court erred by not holding a hearing to determine the truth of allegations on which Brooks's PFO status was predicated.*

¶20 Brooks next argues that he should have received a hearing to dispute the validity of the assault with a weapon conviction that was the basis of his PFO designation. This argument merits only brief discussion.

7

¶21 To seek PFO treatment of a criminal defendant, a prosecutor must file notice to do so "at or before the omnibus hearing." Section 46-13-108(1), MCA. The notice must state the prior felony convictions on which the request for PFO treatment is premised. *Id.* at § 46-13-108(1). If a defendant objects to the allegations in the notice (i.e., challenges the alleged prior felonies), "the judge shall conduct a hearing to determine if the allegations in the notice are true." *Id.* at § 46-13-108. While this statute expressly states a deadline by which the prosecutor must file the notice to seek PFO treatment, it provides no pre-sentencing deadline by which the defendant must object to the designation of prior felonies. Nevertheless, we have held that when a defendant, subsequent to sentencing, makes his request for a hearing for the first time on appeal, it is too late. *State v. Gallagher*, 2005 MT 336, ¶¶ 30-33, 330 Mont. 65, 125 P.3d 1141.

¶22 Here, Brooks did not even challenge the prior assault with a weapon conviction until after his post-conviction habeas corpus petition—well after his initial sentence and appeal. It matters not that Brooks raised the issue on remand after we concluded that the sentence initially imposed by the District Court was not legal. When, in response to Brooks's petition for habeas relief, we remanded to the District Court, we did not remand for resentencing. Instead we remanded the case with the specific instruction that the District Court clarify or modify Brooks's sentence (which had improperly blended § 46-13-502, MCA, and § 61-8-731, MCA). The District Court properly clarified the matter by sentencing Brooks solely under § 46-13-502, MCA. The District Court was not required to hold a hearing on Brooks's challenge to his prior felony conviction at this late date.

¶23    Affirmed.


                                        /S/ W. WILLIAM LEAPHART


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS