
DA 12-0320

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 14

STATE OF MONTANA,

       Plaintiff and Appellee,

   v.

DAVID KIME,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 11-161C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeanne M. Walker, Hagen & Walker, PLLC, Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Tammy A. Hinderman, Assistant Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney; Eric Kitzmiller, Deputy County Attorney, Bozeman, Montana

Submitted on Briefs:  January 3, 2013

Decided:   January 29, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     David Kime appeals from his sentence as a persistent felony offender.  We affirm in part and reverse in part.

¶2     Kime presents the following issues for review:

¶3     Issue One:  Whether the District Court erred by sentencing Kime as a persistent felony offender.

¶4     Issue Two:  Whether the District Court erred in sentencing Kime to 30 days in jail for careless driving.

¶5     Issue Three:  Whether Kime received ineffective assistance of counsel at sentencing.

PROCEDURAL AND FACTUAL BACKGROUND

¶6     In August 2011, the State charged Kime with felony driving under the influence of alcohol (§§ 61-8-401 and 61-8-731, MCA); careless driving (§ 61-8-302, MCA); and operating a motor vehicle while a habitual traffic offender (§ 61-11-213, MCA).  The charges arose from a traffic accident in which Kime drove through an intersection and hit another vehicle. In January 2012, the State filed notice pursuant to § 46-13-108, MCA, that it intended to seek persistent felony offender status for Kime under § 46-18-501, MCA.  A person designated as a persistent felony offender is subject to sentencing as a persistent felony offender under § 46-18-502, MCA.  The predicate conviction for the State's persistent felony offender notice was Kime's May 2009 conviction for felony DUI.[1]

---

[1] In addition to the 2009 felony DUI offense, Kime has a criminal offense history that includes a 1991 conviction for felony kidnapping in Idaho; a 1997 Montana conviction for felony assault for which he was designated a persistent felony offender; a 2001 Montana conviction for felony theft, and numerous convictions for DUI.

2

¶7 Kime's attorney filed a brief objecting to the proposed designation as a persistent felony offender and the District Court held a hearing on the issue. On February 17, 2012, the District Court entered its order denying Kime's objection. The order noted that while persistent felony offender designation was proper, the District Court would nonetheless consider alternatives to imprisonment as provided in § 46-18-225, MCA.

¶8 Kime entered a plea agreement under which he pled guilty to the felony DUI charge and the State dismissed the charge of driving while a habitual traffic offender. The District Court conducted a bench trial on the careless driving charge, resulting in a conviction. On March 28, 2012, the District Court sentenced Kime to ten years at Montana State Prison with no time suspended as a persistent felony offender based upon the felony DUI, and to 30 days in jail on the careless driving conviction. The District Court gave Kime credit for 246 days he had already served in jail.

## STANDARD OF REVIEW

¶9 This Court reviews a sentence longer than one year to determine whether it is legal. *State v. Garrymore*, 2006 MT 245, ¶ 9, 334 Mont. 1, 145 P.3d 946; *State v. Bullplume*, 2011 MT 40, ¶ 10, 359 Mont. 289, 251 P.3d 114. A sentence is legal if it falls within statutory parameters. *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, 151 P.3d 982.

¶10 This Court reviews a claim of ineffective assistance of counsel to determine whether counsel's performance was deficient and if so whether the defense was prejudiced. *Baca v. State*, 2008 MT 371, ¶ 16, 346 Mont. 474, 197 P.3d 948.

## DISCUSSION

3

¶11    Issue One:  Whether the District Court erred by sentencing Kime as a persistent felony offender.

¶12    Kime argues that the persistent felony offender statutes conflict with the sentencing provided for felony DUI; that the persistent felony offender statutes are general while the DUI sentencing statute is specific; and that therefore the specific DUI statute should be followed.  Kime urges that we overrule *State v. Damon*, 2005 MT 218, 328 Mont. 276, 119 P.3d 1194, and cases following that decision because it applied a "very simplistic analysis" to wrongly allow persistent felony offender sentencing of a felony DUI offender.  Kime does not otherwise attack the application of the persistent felony offender statutes to his case.

¶13    A persistent felony offender is an offender who has been convicted of a felony and is being sentenced for a second felony, if the prior felony conviction happened within five years.  Section 46-18-501, MCA.  The prosecution must give notice of its intent to seek persistent felony offender status and of the prior convictions supporting the designation.  Section 46-13-108(2), MCA.  If the defendant objects the court must hold a hearing to determine "if the allegations in the notice are true."  If so, "the accused must be sentenced as provided by law."  Section 46-13-108(3) and (4), MCA.  A persistent felony offender may be sentenced to imprisonment for five to 100 years, depending upon the circumstances.  Section 46-18-502, MCA.  The sentence for a felony DUI is provided in § 61-8-731, MCA, and consists generally of a term of 13 months to the custody of the Department of Corrections, followed by a term of not more than five years to the DOC or to prison.

¶14    In decisions following *Damon*, this Court has clearly established that the intent of the persistent felony offender statutes is that they "replace the sentence for the underlying

4

felony." *State v. Gunderson*, 2010 MT 166, ¶ 54, 357 Mont. 142, 237 P.3d 74 (emphasis in original); *State v. Brooks*, 2010 MT 226, ¶ 18, 358 Mont. 51, 243 P.3d 405; *State v. Burns*, 2011 MT 167, ¶ 46, 361 Mont. 191, 256 P.3d 944. Because the persistent felony offender sentencing provisions in § 46-18-502, MCA, replace the sentencing provision for the underlying felony offense, there is no need to resort to rules of statutory construction to determine which statute applies.

¶15 Where there are several statutory provisions that may apply, the preferred result is to give effect to all if possible. Section 1-2-101, MCA; *Damon*, ¶ 39. The very purpose of the persistent felony offender designation is to conflict with and to supplant the specific sentencing provisions provided for individual crimes. *Damon*, ¶ 39. If Kime's specific statute-general statute construction argument were adopted, the persistent felony offender statutes would be effectively nullified since there will always be a conflict with the sentencing provision for the underlying felony. This result would not apply the statutes to give effect to them all and would be an absurd result in which the persistent felony offender statutes would never apply. The Legislature has specifically and particularly described the situations in which the persistent felony offender designation may be applied (§§ 46-13-108, 46-18-501 and -502, MCA), and DUI offenders are not excluded. *Damon*, ¶ 36; *State v. Gallagher*, 2005 MT 336, ¶ 31, 330 Mont. 65, 125 P.3d 1141 ("a DUI conviction is and remains a felony which is subject to the persistent felony offender statutes.").

¶16 The District Court therefore lawfully sentenced Kime to a term of ten years, which is a lawful sentence within the range provided by § 46-18-502, MCA.

¶17 Issue Two: Whether the District Court erred in sentencing Kime to 30 days in jail for careless driving.

¶18 The State concedes that the District Court exceeded its authority when it imposed a 30-day jail sentence for Kime's careless driving conviction. The only penalty for careless driving is a fine between $10 and $100. Sections 61-8-711(2) and -716, MCA. However, the State notes that because Kime was credited with 246 days of time served at sentencing, he had already discharged the 30-day careless driving sentence at that time. The State concludes that there is therefore no effective relief that can be given. Kime argues that since his 30 days cannot be restored, the careless driving charge should be dismissed.

¶19 Kime does not attack the validity of his conviction for careless driving, but only claims, correctly, that the jail sentence was unlawful. There is therefore no basis upon which to void the conviction itself. However, it is possible to correct the sentence, and this Court has recognized that correcting invalid sentences "protects the integrity of the judicial process and furthers the express correctional and sentencing policy of the state." *State v. Heafner*, 2010 MT 87, ¶ 12, 356 Mont. 128, 231 P.3d 1087. In this case, the proper remedy is to remand to the District Court with instructions to strike the illegal jail time imposed in the sentence for careless driving. *Heafner*, ¶ 11.

¶20 Issue Three: Whether Kime received ineffective assistance of counsel at sentencing.

¶21 A claim of constitutionally-deficient ineffective assistance of counsel requires that counsel's performance be deficient and that the deficiency prejudice the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *Whitlow v. State*, 2008 MT 140, 343 Mont. 90, 183 P.3d 861; *Baca*, ¶ 16. The defendant must show a reasonable probability that

6

but for his attorney's deficient performance the result of the proceeding would have been different. *State v. Henderson*, 2004 MT 173, ¶ 4, 322 Mont. 69, 93 P.3d 1231. The defendant must show that his attorney was not functioning as the "counsel" guaranteed by the United States and Montana Constitutions. Review on appeal is highly deferential to the actions of the attorney, and this Court rarely grants relief if there is "some evidence that the [attorney's] decision was strategic." *Henderson*, ¶ 5.

¶22 Kime argues that his attorney's performance at sentencing was deficient because she had an obligation to urge the District Court to impose a sentence less than the 10 years suggested by the State, and failed to do so. Kime describes that failure as "per se ineffective assistance of counsel any way you slice it." At the same time, Kime concedes that the State has established that he "wanted no suspended time and would accept whatever term of years the District Court imposed." Kime argues that this issue can be decided based upon the present record.

¶23 The record shows that Kime's repeated position was that he wanted admission to the WATCh alcohol rehabilitation program; that he would accept whatever sentence the District Court imposed; and that above all he wanted no suspended time. At the hearing on Kime's change of plea to guilty of DUI in the present case, the District Court advised and Kime agreed that under the plea agreement the Court could impose whatever sentence it deemed fit for the DUI, as a persistent felony offender. Kime told the District Court that he wanted to be sentenced that day without waiting for a new presentence investigation (PSI). Kime said: "I would be happy with you sentencing me with whatever you would care to do as long as there's no suspended time. That the—that would be my only requirement." Kime also

7

expressed his understanding that the plea agreement contained no guarantee of a specific sentence, stating to the District Court: "And if you want to give me 15, that's what he [the author of the PSI] wanted to give me, but [if] there's no suspended time included, I'm good."

¶24 The District Court declined to sentence Kime without a PSI and ordered that one be prepared. In the PSI Kime was asked to provide his recommendation for the disposition of his case and stated: "Whatever as long as there is no suspended time. Allow me to go back to my family in Kentucky. My mom has dementia and is in her 70s. She owns a large portion of land my brothers & I will inherit, I can live there." A handwritten letter from Kime to the District Court attached to the PSI stated: "I know I'm going to MSP. Judge Brown I ask you sentence me to prison time with none suspended so I will have a chance of going back to my family in Kentucky." In Kime's more recent criminal history his suspended sentences for various offenses were revoked on a number of occasions and he was sent to prison as a result.

¶25 Kime and his attorney argued repeatedly in District Court that he needed and wanted to go to the WATCh alcohol rehabilitation program, and that it represented his best chance of overcoming his alcoholism. Kime's attorney discussed this at length in her briefing in opposition to the State's notice of intent to seek designation as a persistent felony offender. Kime's attorney complained about his not getting accepted into the WATCh program the last time he was in prison and how that had impacted his inability to deal with his alcoholism. She explained Kime's desire that admission to or completion of the WATCh program not be tied to parole eligibility so as to increase his chances for admission. This was a major topic of discussion at the sentencing hearing as well.

8

¶26 At sentencing the State recommended a sentence of 10 years at MSP with no time suspended. The PSI recommended 15 years with all but the first five suspended. When the District Court asked defense counsel if she had a recommendation, she stated: "I'm going to leave that up to you. Mr. Kime wants me to leave that up to you." (Emphasis added.) Immediately thereafter the District Court and Kime's attorney each asked Kime if he wanted to say anything and he said "No, Your Honor."

¶27 The District Court sentenced Kime to ten years at MSP with none suspended, based upon his "lengthy criminal history," his designation as a persistent felony offender, and Kime's request that the sentence contain no suspended time. The District Court noted defense counsel's arguments made in opposition to the persistent felony offender designation, and that Kime's long history of alcoholism had "derailed his life" and "contributed greatly" to his criminal conduct. The District Court explained that the sentence provided an "appropriate and commensurate punishment," that it held Kime accountable for his conduct, and that it would hopefully provide him with the opportunity for rehabilitation and self-improvement by participating in the WATCh program.

¶28 The record in this case shows that starting with the change of plea hearing, through the PSI process and to the sentencing hearing, Kime made it clear that he would accept whatever prison time his sentence specified and that he wanted no suspended time. Kime did this through his attorney and through his own direct statements to the District Court, both orally and in writing. Kime's motivations for this position were his past experiences with suspended sentences that resulted in his return to prison on numerous occasions and his desire to complete his sentence obligations with a clean break so that he could return to

9

Kentucky. Most tellingly, Kime's attorney represented to the District Court that Kime instructed her to make no specific recommendation as to sentence length, and immediately thereafter Kime expressly said that he had no other statement to make. While Kime was not required to make his own argument concerning sentencing, he showed no reluctance to clearly express his views to the District Court in prior proceedings.

¶29 There is no indication that the District Court sentenced Kime based upon the absence of a specific time recommendation from the defense. By the time of sentencing, the District Court was quite familiar with Kime's record, his situation, and his outlook on it. The District Court knew, because Kime had expressly said so, that his overriding interests were access to WATCh and a sentence without any suspended time. The District Court carefully stated the reasoning behind the sentence and there is nothing more than speculation to support a contention that the sentence was affected by the absence of a specific length request from the defense.

¶30 The conclusion to be drawn from this record is that Kime agreed to not make a specific recommendation or request as to the length of his sentence for his own reasons. It is clear that he instructed his attorney to act accordingly and that she did so. It is also clear that the District Court sentenced Kime to the low end of the sentence range for a persistent felony offender (not less than 10 nor more than 100 years in state prison, § 46-18-502(2), MCA), while making it clear that Kime should be admitted to the WATCh program. Kime received a sentence like the one he repeatedly said he wanted.

¶31 Where ineffective assistance of counsel claims are based upon facts of record, they must be raised on direct appeal. *State v. Main*, 2011 MT 123, ¶ 48, 360 Mont. 470, 255 P.2d

10

1240. Clearly the record in this case demonstrates that counsel's performance was not deficient. Consequently Kime has failed to establish the first prong of the *Strickland* requirements. Failure to establish either prong is fatal to a claim of ineffective assistance of counsel. *State v. Lindsey*, 2011 MT 46, ¶ 43, 359 Mont. 362, 249 P.3d 491. The ineffective assistance of counsel claim is without merit.

¶32 We affirm the sentence for felony DUI as a persistent felony offender. We reverse the jail time sentence for the conviction for careless driving and remand to the District Court with instructions to strike that sentence.

/S/ Mike McGrath

We concur:

/S/ Beth Baker
/S/ Patricia O. Cotter
/S/ Michael E Wheat
/S/ Brian Morris