DA 11-0744

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 241

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

ALVIN JAMES DUNCAN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DC 04-48
Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Joseph P. Howard P.C.; Attorney at Law; Great Falls, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General; Helena, Montana

        Mike Weber, Richland County Attorney; Sidney, Montana

Submitted on Briefs: August 22, 2012

Decided: October 30, 2012

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 This is Alvin James Duncan's (Duncan) second appeal to this Court. In the prior appeal, we affirmed Duncan's conviction of two counts of felony sexual assault and remanded the case for resentencing. *State v. Duncan*, 2008 MT 148, 343 Mont. 220, 183 P.3d 111. The District Court for the Seventh Judicial District, Richland County, subsequently granted Duncan's petition for postconviction relief on the grounds of ineffective assistance of counsel and prosecutorial misconduct. In this interlocutory appeal, Duncan challenges the District Court's order denying his motion to dismiss the criminal charges for which the State intends to re-prosecute him.

¶2 The only issue on appeal is whether the District Court erred when it denied Duncan's motion to dismiss the criminal charges on double jeopardy grounds. "[W]e will accept an interim appeal for the sole purpose of considering the merits of the defendant's double jeopardy claims." *State v. Barron*, 2008 MT 69, ¶ 8, 342 Mont. 100, 179 P.3d 519. We accept the appeal and affirm.

**PROCEDURAL AND FACTUAL BACKGROUND**

¶3 The factual background of Duncan's alleged offenses and prior conviction is set forth in this Court's previous opinion. *Duncan*, ¶¶ 8-14. Duncan was charged with sexually assaulting his stepdaughter, C.S., and her friends, V.G. and N.M., all minors. The jury convicted him of the charges involving V.G. and N.M., and acquitted him of the charges involving C.S. *Duncan*, ¶ 14. After his conviction was affirmed on direct appeal, Duncan filed *pro se* a petition for postconviction relief. The District Court

appointed counsel and received supplemental briefs. The court granted Duncan's petition for postconviction relief because it determined that his trial counsel provided ineffective assistance when he (1) "fail[ed] to object to the Prosecutor's statements in closing arguments suggesting that Duncan was required to 'refute' the State's proof"; and (2) "mischaracterize[ed] the burden of proof in closing argument." The court concluded that those failures "deprived Duncan of a fair trial" and violated his rights to counsel and to due process under the state and federal constitutions. Mont. Const. art. II, §§ 17, 24; U.S. Const. amends. VI, XIV. The court granted Duncan a new trial and ordered that his sentence be vacated and his guilty verdict stricken from the record. The State later notified Duncan that it intended once more to prosecute him for committing the crimes of which the jury had found him guilty.

¶4     Duncan moved to dismiss the charges against him, arguing that, under our cases applying the Supreme Court's holding in *Oregon v. Kennedy*, 456 U.S. 667, 102 S. Ct. 2083 (1982), "the Double Jeopardy Clause affords protection where prosecutorial misconduct prevents an acquittal by achieving a conviction by improper means." The court denied Duncan's motion because it concluded that he "fail[ed] to establish that the objective facts and circumstances of the case show the prosecutor intended to goad [him] to move for a mistrial" as required by *Kennedy*. On appeal, Duncan urges this Court to conclude that his constitutional guarantee to be free from double jeopardy prohibits the State from prosecuting him for a second time.

**STANDARD OF REVIEW**

¶5 The grant or denial of a motion to dismiss in a criminal proceeding "is a question of law, which we review de novo to determine whether the district court's conclusion of law is correct." *State v. Otto*, 2012 MT 199, ¶ 7, 366 Mont. 209, 285 P.3d 583 (quoting *State v. Allen*, 2009 MT 124, ¶ 9, 350 Mont. 204, 206 P.3d 951). "A double jeopardy claim presents a question of constitutional law over which we exercise plenary review." *State v. Brooks*, 2010 MT 226, ¶ 11, 358 Mont. 51, 243 P.3d 405. We consistently have held that "if a district court reaches the correct result, then we will uphold the court's judgment regardless of the reasons for its decision." *Parini v. Missoula Co. High Sch.*, 284 Mont. 14, 21-22, 944 P.2d 199, 203 (1997).

**DISCUSSION**

¶6 The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The Clause applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 2062 (1969). Montana's Constitution establishes similar double jeopardy protections, stating: "No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction." Mont. Const. art. II, § 25. "[C]entral to the objective of the prohibition against successive trials is the barrier to affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *U.S. v. DiFrancesco*,

4

449 U.S. 117, 128, 101 S. Ct. 426, 432-33 (1980) (quoting *Burks v. U.S.*, 437 U.S. 1, 11, 98 S. Ct. 2141, 2147 (1978)) (internal quotations omitted).

¶7     It is well established that "[w]hen a mistrial is granted on the defendant's motion in a criminal case . . . the Double Jeopardy Clause ordinarily does not bar the State from trying him or her again on the same indictment." *State v. Mallak*, 2005 MT 49, ¶ 18, 326 Mont. 165, 109 P.3d 209.  A "narrow exception to this rule" occurs "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial . . . ." *Mallak*, ¶ 18 (quoting *Kennedy*, 456 U.S. at 676, 102 S. Ct. at 2089). Although Duncan acknowledges that he did not move for a mistrial, he argues that "there should be no distinction" between a defendant "who successfully requests a mistrial because of the prosecution's misconduct" and defendants who are "deprived of a fair trial because of prosecutorial misconduct and attendant ineffective assistance of counsel, then successfully overturn their convictions via postconviction relief."

¶8     The State responds to Duncan's argument by asserting that, "[b]ecause no mistrial was declared in Duncan's trial, the instant case does not present the scenario permitted under *Oregon v. Kennedy*."  The State argues that we should not expand the *Kennedy* exception, which we adopted in *Mallak*, to convictions overturned on postconviction relief because this Court already has held that "a defendant is not subjected to double jeopardy by virtue of his retrial" when his judgment of conviction has been set aside at his request. *See State ex rel. Nelson v. Ellsworth*, 141 Mont. 78, 81-82, 375 P.2d 316, 318 (1962).  The State cites § 46-11-505(2), MCA, as additional support for its position.

5

¶9 Duncan contends in his reply brief that the State's arguments are not properly before this Court because the State did not make those same arguments to the District Court. Duncan argued to the District Court in his motion to dismiss that "there should be no distinction between a defendant who . . . is deprived of a fair trial because of prosecutorial misconduct and attendant ineffective assistance of counsel, then successfully appeals his conviction on the same basis, and a defendant who successfully requests a mistrial because of the prosecutor's misconduct." He advances the identical argument on appeal. The State contended in District Court that Duncan had not satisfied the *Kennedy/Mallak* standard of proving that the prosecutor "goaded" him into seeking a new trial. Duncan's appeal squarely presents the question whether the *Kennedy* standard applies when a new trial has been granted on postconviction relief rather than on a motion for mistrial. The State's reference to additional authority in responding to his argument does not pose an obstacle to our plenary review of the issue Duncan raises on appeal. *See State v. Montgomery*, 2010 MT 193, ¶ 12, 357 Mont. 348, 239 P.3d 929.

¶10 Duncan's proposed exception—that a defendant's double jeopardy protections bar retrial if his conviction is reversed on postconviction relief due to prosecutorial misconduct—directly conflicts with Montana law. Section 46-11-505(2), MCA, establishes that "[a] prosecution is not a bar if . . . the former prosecution resulted in a judgment of conviction that was held invalid in a postconviction hearing." Duncan does not challenge the constitutionality of the statute. "Absent a direct constitutional challenge to the statutes, this Court's role is simply to interpret and apply the statutes as

6

written and consistent with legislative intent." *Ford v. Sentry Cas. Co.*, 2012 MT 156, ¶ 68, 365 Mont. 405, 282 P.3d 687 (citing §§ 1-2-101, -102, MCA). We hold that, under the express terms of § 46-11-502(2), MCA, the State has the option of re-prosecuting defendants like Duncan whose convictions are set aside on postconviction relief.

¶11 It is "very clear from previous holdings of this court that a reversal of a judgment of conviction upon appeal and a retrial does not constitute double jeopardy." *Ellsworth*, 141 Mont. at 81, 375 P.2d at 318. We have held, for example, that "after a verdict or a judgment of conviction or acquittal, the defendant in a criminal case has been in jeopardy and may not be tried again for the same offense, *except in a case of a new trial which has been granted or ordered*." *State v. Keerl*, 33 Mont. 501, 516, 85 P. 862, 865-66 (1906) (emphasis added). When a defendant is granted a new trial on appeal, the "defendant is not placed in a new jeopardy by the second trial, but is merely subjected to the same jeopardy that he was in on the first trial." *State v. Aus*, 105 Mont. 82, 86, 69 P.2d 584, 585 (1937). That principle applies with equal force regardless of whether a defendant secures a new trial on direct appeal to this Court or on postconviction relief. Duncan presents no convincing authority to the contrary.

¶12 Although Duncan argues that the *Kennedy* exception should be extended to convictions that are reversed on postconviction relief due to prosecutorial misconduct, his argument directly conflicts with the Supreme Court's opinions in *Kennedy* and other cases. The *Kennedy* Court noted that it "has consistently held that the *Double Jeopardy Clause imposes no limitation upon the power of the government to retry a defendant who*

7

*has succeeded in persuading a court to set his conviction aside*, unless the conviction has been reversed because of the insufficiency of the evidence." *Kennedy*, 456 U.S. at 677 n. 6, 102 S. Ct. at 2090 n. 6 (citing *DiFrancesco*, 449 U.S. at 130-31, 101 S. Ct. at 433-34) (emphasis added). Duncan's conviction was not reversed because of insufficient evidence. His double jeopardy argument is unpersuasive because "[t]o require a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect." *DiFrancesco*, 449 U.S. at 131, 101 S. Ct. at 434 (quoting *U.S. v. Scott*, 437 U.S. 82, 91, 98 S. Ct. 2187, 2194 (1978)).

¶13 The District Court held, and the State does not dispute, that Duncan's constitutional right to a fair trial was violated by prosecutorial misconduct and by ineffective assistance of counsel. While a defendant has a constitutional right to a fair trial, society maintains an interest in the enforcement of its criminal codes and "[i]t would be a high price indeed for society to pay" if a defendant were granted immunity from re-prosecution because his conviction was overturned on postconviction relief. *DiFrancesco*, 449 U.S. at 131, 101 S. Ct. at 434 (quoting *U.S. v. Tateo*, 377 U.S. 463, 466, 84 S. Ct. 1587, 1589 (1964)). Any constitutional injury that Duncan suffered at his first trial can be cured by a new trial, which the District Court has granted.

## CONCLUSION

¶14   We decline to adopt Duncan's suggested expansion of our double jeopardy doctrine because it conflicts with § 46-11-505, MCA—the constitutionality of which Duncan does not challenge—and with our prior opinions and the Supreme Court's opinion in *Kennedy*.   We hold that Duncan's constitutional right to be free from double jeopardy does not prohibit the State from re-prosecuting him after his conviction was overturned by the postconviction court's determination of prosecutorial misconduct and ineffective assistance of counsel.   The District Court's December 9, 2011 order denying Duncan's motion to dismiss on double jeopardy grounds is affirmed and the case is remanded for further proceedings.

/S/ BETH BAKER

We concur:


/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JIM RICE



Justice James C. Nelson dissents.

¶15   I agree that Duncan did not challenge the constitutionality of § 46-11-505(2), MCA, and therefore waived that argument.  Opinion, ¶ 10.  Thus, I leave that issue to be decided in a future case where the argument is properly raised.

¶16   That said, I cannot join the Court's analysis at ¶¶ 12-14.  In my view, the

prosecutor did goad Duncan by undermining Duncan's presumption of innocence with his comments. Therefore, I believe that the prosecutor committed misconduct.

¶17    While society might pay a "high price" if a defendant's conviction is overturned on post conviction relief, Opinion, ¶ 13, society pays even more dearly when the prosecutor—an officer of the court who should be seeking justice, and not merely a conviction[1]—refuses to scrupulously respect the accused's constitutional right to the presumption of innocence and to a fair trial. In those cases, not only is the accused victimized, but so also are society and the criminal justice system.

¶18    I dissent.

/S/ JAMES C. NELSON

---

[1] *See State ex rel. Fletcher v. Dist. Court*, 260 Mont. 410, 415, 859 P.2d 992, 995 (1993).