DA 13-0685

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 294

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BENJAMIN JOSEPH CHRISTENSEN,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District, In and For the County of Missoula, Cause No. DC 12-303 Honorable Robert L. Deschamps III, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Wade Zolynski, Chief Appellate Defender; Nicholas Domitrovich, Assistant Appellate Defender; Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General; Helena, Montana

            Fred R. Van Valkenburg, Missoula County Attorney, Jennifer Clark, Deputy County Attorney; Missoula, Montana

                    Submitted on Briefs:  October 8, 2014
                              Decided:  November 12, 2014

Filed:

                    _____
                           Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Benjamin Christensen appeals from an order of the Fourth Judicial District Court, Missoula County, denying his motion to dismiss for violation of the misdemeanor speedy trial rule found at § 46-13-401(2), MCA.

¶2    The issue on appeal is whether the District Court correctly determined that no violation of § 46-13-401, MCA, occurred.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    Christensen was charged with misdemeanor DUI in Missoula City Court. He was arraigned November 21, 2011, and trial was set for March 15, 2012. At the pretrial hearing on February 29, 2012, counsel for Christensen moved to postpone the trial date. The City Court reset the trial for May 10, 2012. The prosecution subsequently discovered Christensen had three prior DUIs, so the City Attorney filed a motion in City Court to transfer the case to the District Court. The City Court granted the motion to transfer and vacated the May 10, 2012 trial date. The City Court did not, however, dismiss the misdemeanor.

¶4    On May 23, 2012, six months and two days after arraignment in City Court, the misdemeanor had not been dismissed, and the information had not been filed in the District Court. On that day, Christensen moved to dismiss on the basis that the misdemeanor was not brought to trial within six months of arraignment as required by § 46-13-401(2), MCA. The City responded by noting the case had been transferred to the District Court. Christensen objected, arguing the proper procedure is for the misdemeanor to be dismissed and an information filed in the District Court. Christensen argued that no legal procedure allows for a case to be initiated in the District Court upon a "transfer" from a court of limited

2

jurisdiction. The City Court denied Christensen's motion, holding there was no speedy trial violation because the case had been transferred to the District Court.

¶5 On July 5, 2012, the State initiated the felony DUI charge by filing an affidavit and motion for leave to file an information in the District Court (DC 12-303). The City Court subsequently dismissed the misdemeanor charge without prejudice. Christensen filed a motion in the felony DUI case, arguing that the City Court erred when it denied his motion to dismiss for violation of § 46-13-401, MCA.[1] He further argued that because the misdemeanor should have been dismissed with prejudice, the felony DUI charge should be dismissed for violating double jeopardy. The District Court accepted Christensen's argument that the prosecution had failed to follow proper procedure when it transferred the case from City Court to District Court, but refused to dismiss a felony DUI simply because of a procedural flaw that did not affect Christensen's rights.

¶6 Christensen appeals the District Court's order denying his motion to dismiss the felony DUI charge.

## STANDARD OF REVIEW

¶7 Whether a defendant's right to a speedy trial has been violated is a question of law, which we review to determine whether the District Court's interpretation of law is correct. *State v. Bertolino*, 2003 MT 266, ¶ 10, 317 Mont. 453, 77 P.3d 543.

## DISCUSSION

---

[1] Christensen also initiated an appeal in the District Court, making the same argument (DC 12-351).

¶8 *Whether the District Court erred when it denied Mr. Christensen's motion to dismiss based upon double jeopardy considerations and for lack of a speedy trial pursuant to Mont. Code Ann. § 46-13-401(2).*

¶9 On appeal, Christensen argues that: (1) the misdemeanor DUI should have been dismissed with prejudice for violating his misdemeanor speedy trial rights under § 46-13-401(2), MCA; and (2) because the misdemeanor should have been dismissed with prejudice, the felony DUI charge should have been dismissed for violating double jeopardy. Since we find the speedy trial issue dispositive, we do not reach the double jeopardy issue.

¶10 Section 46-13-401(2), MCA, states, "After the entry of a plea upon a misdemeanor charge, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, with prejudice, if a defendant whose trial has not been postponed upon the defendant's motion is not brought to trial within 6 months." We have consistently held that dismissal under § 46-13-401(2), MCA, is appropriate "only if two conditions are met: (1) the defendant has not asked for a postponement; and (2) the State has not shown good cause for the delay." *City of Helena v. Roan*, 2010 MT 29, ¶ 9, 355 Mont. 172, 226 P.3d 601; *State v. Crane*, 240 Mont. 235, 238, 784 P.2d 901, 903 (1989).

¶11 Christensen has no valid claim under § 46-13-401, MCA, because the trial was postponed upon his own motion. *See State v. Ronningen*, 213 Mont. 358, 362, 691 P.2d 1348, 1350 (1984) ("If the defendant requests the postponement the six-month trial deadline does not apply."). Christensen claims he never moved for a continuance. This is incorrect. The record reflects that Christensen orally moved for a continuance of the City Court trial date at the pretrial hearing on February 29, 2012. Christensen's counsel asked the City Court for a trial date in April or May because Christensen's counsel would be unavailable for the

4

original trial date of March 15, 2012. The City Court granted Christensen's request to postpone the trial. Because the defendant asked for and received a postponement, he is not entitled to dismissal under § 46-13-401(2), MCA. *Roan*, ¶ 9.

¶12 The District Court did not consider Christensen's postponement of the trial when it denied his motion to dismiss, but it nonetheless reached the right result. It has long been our practice to uphold the District Court when it reached the right result, regardless of the District Court's rationale. *See e.g. State ex rel. Pub. Serv. Comm'n v. Great N. Utils.*, 86 Mont. 442, 446, 284 P. 772, 773 (1930) ("The rule that an appellate court is not concerned with the reason given for a decision, and will therefore affirm a correct ruling regardless of the fact that the trial court gave a wrong reason therefor, is of almost universal application and has been followed in this jurisdiction on the consideration of every conceivable species of decision which the trial court had authority to make . . . ."); *State v. Kenfield*, 2009 MT 242, ¶ 16, 351 Mont. 409, 213 P.3d 461 ("We will . . . affirm a court's decision if it reaches the correct result, albeit for the wrong reason."). We need not address the District Court's rationale here because it is apparent from the face of the record that the court reached the right result when it denied Christensen's motion to dismiss.

**CONCLUSION**

5

¶13    Christensen suffered no violation of his right to a trial within six months of arraignment because he moved for a postponement of the original trial date. Regardless of the District Court's rationale, it reached the right result.

¶14    Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE